UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALVIN W. HOLLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CV-0590-CVE-FHM |
| ) | |
| CREEK COUNTY SHERIFF'S OFFICE, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant Creek County Sheriff's Office Motion to Dismiss and Brief in Support. Dkt. # 9. Defendant Creek County Sheriff's Office (Sheriff's Office) argues that plaintiff has failed to state a claim upon which relief can be granted because the Sheriff's Office is not a legal entity subject to suit. Plaintiff responds that the Sheriff's Office may be sued and that naming the Sheriff's Office as defendant is equivalent to naming Sheriff John Davis as defendant.

**I.**

On September 5, 2013, Calvin W. Hollis filed this suit alleging that the Sheriff's Office violated Oklahoma state law and his constitutional rights. Dkt. # 1, at 1-2. On April 29, 2011, plaintiff "was processed and accepted as a detainee, under the supervision and care of the [Sheriff's Office], and incarcerated in the *Creek County Criminal Justice Center* (Creek County Jail)." Id. at 2 (emphasis in original). Plaintiff alleges that the Creek County Jail, pursuant to policy, practice, and custom established by the Sheriff's Office, failed "to launder bed linens and clothing and freely interchanged blankets among inmates without first laundering and sanitizing the blankets and clothing to kill the accumulating multiple bacteria." Id. Plaintiff further alleges that, because of this policy and custom, plaintiff "contracted a serious infection in his arm requiring hospitalization and

surgery." Id. Plaintiff also alleges that he was denied access by the Sheriff's Office to the prescription medications provided to him by the hospital in order to fight his infection. Id. at 3.

On October 25, 2013, the Sheriff's Office filed a motion to dismiss. The Sheriff's Office contends that plaintiff has failed to state a claim upon which relief can be granted because it is not a legal entity subject to suit. Dkt. # 9, at 1. Plaintiff asserts that the Sheriff's Office is a legal entity subject to suit. Dkt. # 10, at 3. Plaintiff also argues that naming the Sheriff's Office as defendant is equivalent to naming Sheriff John Davis as defendant. Id. at 4.

**II.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief can be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of the a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493F.3d 1210, 1215 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations

without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-12 (10th Cir. 1991).

### III.

Defendant maintains that it may not be sued, as it is not a legal entity subject to suit. Plaintiff disagrees and argues that a sheriff's office is a legal entity and may be sued. The Sheriff's Office is not a proper defendant. Madoux v. City of Norman, No. CIV-07-0435-F, 2008 WL 938596, at *3 (W.D. Okla. Apr. 4, 2008) (determining that the Cleveland County Sheriff's Office is not a proper defendant); Bowden v. Hignite, No. CIV-06-0811-F, 2007 WL 1994070, at *3 (W.D. Okla. July 5, 2007) (holding that Pottawatomie County Sheriff's Office is not a proper defendant); Lindsey v. Thompson, 550 F. Supp. 2d 1285, 1289 (E.D. Okla. 2006) (holding that the Carter County Sheriff's Department is not a legally suable entity); see also Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . ."); Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991) ("However, the Sheriff's Department is not a legal entity subject to suit . . . ."); Revene v. Charles Cnty. Comm'rs, 882 F.2d 870, 874 (4th Cir. 1989) ("The separate claim against the 'Office of Sheriff' was rightly dismissed on the basis that this 'office' is not a cognizable legal entity separate from the Sheriff in his official capacity . . . ."); Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity . . . ."), vacated on other grounds by Tyus v. Martinez, 475 U.S. 1138 (1986); PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 826 (D.N.J. 1993) (collecting cases holding that municipal police departments are not proper defendants in § 1983 actions).

Plaintiff argues that, because of the office of sheriff's ancient heritage and its creation by the Oklahoma Constitution, it must be a legal entity subject to suit. Dkt. # 10, at 2. However, plaintiff's arguments do not explain why it should be the sheriff's office that is subject to suit and not the sheriff.

Plaintiff also argues that, because the position of county commissioner is created by the same section of the Oklahoma Constitution as the office of sheriff, the office of sheriff must be a legal entity subject to suit, just as boards of county commissioners are legal entities subject to suit. Id. at 3; see Okla. Const. art. XVII, § 2 ("There are hereby created . . . in and for each organized county of this State, the offices of . . . Sheriff . . . [and] three County Commissioners . . . ."). Two facts distinguish boards of county commissioners from the offices of sheriffs. First, the Supreme Court of Oklahoma has held that boards of county commissioners are legal entities; this Court has not found any Oklahoma cases establishing that the office of sheriff is a legal entity subject to suit. See Cavin v. Bd. of Comm'rs of Garfield Cnty., 33 P.2d 477, 479 (Okla. 1934) ("It is admitted that the board of county commissioners is a legal entity . . . ."). Second, while the office of sheriff is held by one individual whose unilateral actions are the actions of the sheriff, a board of county commissioners is comprised of individuals whose unilateral actions do not control the board. See id. ("[The board of county commissioners] is only a board and not a collection of individuals. It can act only as a board. In many decisions the 'county commissioners' are referred to when the board of county commissioners is meant." ). Plaintiff's analogy is not persuasive.

Plaintiff also speculates that the Creek County budget likely "would show the budget-line to the sheriff's office," as opposed to the sheriff himself. Dkt. # 10, at 3. This Court fails to see how this, even if true, has any bearing on whether the sheriff's office is a legal entity subject to suit.

4

Finally, plaintiff argues that naming the Sheriff's Office as defendant "is equivalent to and legally the 'same' as naming Sheriff John Davis." Dkt. # 10, at 4. Plaintiff fails to provide any authority to support this proposition and instead makes appeals to common sense and the principle of following substance over form. Dkt. # 10, at 4. Plaintiff may not file suit against an improper defendant and ask the Court to treat the suit as though it had been filed against the proper party; the Federal Rules of Civil Procedure anticipate that a claim may be amended to change parties. Fed. R. Civ. P. 15(c)(1)(C). Plaintiff's claims against the Sheriff's Office should be dismissed.

**IT IS THEREFORE ORDERED** that Defendant Creek County Sheriff's Office Motion to Dismiss and Brief in Support (Dkt. # 9) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff is directed to file an amended complaint, or a notice stating that he does not wish to amend, no later than **December 2, 2013**. If such a notice is filed, this matter will be dismissed without prejudice.

**DATED** this 18th day of November, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE